NATIONAL UNION FIRE INSURANCE COMPANY of Pittsburgh, Pa, a Pennsylvania corporation, Plaintiff—Appellee,

v.

Chester S. GARBER; Emilia Ting Garber, MD, Defendants,

and

Betty Ting, Defendant—Appellant.

National Union Fire Insurance Company of Pittsburgh, Pa, a Pennsylvania corporation, Plaintiff—Appellee,

v.

Chester S. Garber; Emilia Ting Garber, MD; Betty Ting, Defendants—Appellants.

Nos. 00–16306, 01–15689.

D.C. No. CV–94–05414–REC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2002.

Decided April 16, 2002.

---

Before BEEZER, THOMAS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Chester and Emilia Garber ("the Garbers") and Betty C. Ting appeal the district court's judgments in favor of National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"). We affirm in part, vacate in part, and remand. Because the parties are familiar with the factual and legal history of these cases, we will not recount it here.

## I

Both the Garbers and Ting have a sufficient personal stake in the outcome to have constitutional standing to pursue this appeal. *See Pershing Park Villas Homeowners Assn. v. United Pacific Ins. Co.,* 219 F.3d 895, 899–901 (9th Cir.2000). Although the trustee in bankruptcy is the proper party to prosecute causes of action on behalf of the bankruptcy estate, *see Moneymaker v. CoBen (In re Eisen),* 31 F.3d 1447, 1451 (9th Cir.1994), National Union obtained relief from the automatic stay to pursue this action against the respective debtors on the basis that the estate had no interest in the action. Given the potential liability, the debtors have a right to defend themselves in this action; the trustee is not obligated to defend them. We decline to dismiss this appeal on the basis of lack of standing.

## II

The district court properly granted summary judgment on National Union's fraudulent transfer claim. Under California law, a creditor may prove a fraudulent transfer by showing that the debtor made the transfer at issue without receiving reasonably equivalent value and was either insolvent at the time of the transfer or became insolvent as a result of the transfer. Cal. Civ.Code §§ 3439.04(b), 3439.05. After a careful examination of the record and the briefs, we agree with the district court that summary judgment was appropriate as to National Union's claims under Cal. Civ.Code § 3439.05. Therefore, we need not reach the question of whether summary judgment was appropriate for National Union's claims pursuant to Cal. Civ.Code § 3439.04(a).

## III

■ The district court's findings of fact supporting the Ting sanction order were not clearly erroneous. However, the district court improperly entered a default money judgment for $213,494.67 against Ting without considering less severe sanctions. Whether a district court properly considered the adequacy of less drastic sanctions before dismissing a party's case requires us to consider findings in which the district court (1) discusses the feasibility of less drastic sanctions and explains why such alternate sanctions would be inappropriate; (2) implements alternative sanctions before ordering dismissal; and (3) warns the party of the possibility of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

dismissal before imposing the sanction. *Anheuser–Busch, Inc. v. Natural Beverage Distrib.*, 69 F.3d 337, 352 (9th Cir. 1995). In this case, the order imposing sanctions does not reflect an express consideration of lesser sanctions, or the imposition of alternate sanctions prior to entry of default. A conclusory statement that lesser sanctions would be inappropriate is insufficient in itself to demonstrate that the district court actually considered lesser sanctions. *See Halaco Engineering Co. v. Costle*, 843 F.2d 376, 381 (9th Cir.1988). We also note that National Union was unable to articulate at oral argument why lesser sanctions, such as the imposition of a lesser monetary sanction, would not be appropriate.

We vacate the default judgment against Ting and remand to the district court for reconsideration in light of the factors relevant to imposing a sanction of default judgment.

## IV

■ The district court's order awarding an unspecified amount of attorneys fees is not a final appealable order under 28 U.S.C. § 1291. *Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.*, 873 F.2d 1327, 1329 (9th Cir.1989). We lack appellate jurisdiction to consider the issue.

## V

At oral argument, National Union told us that the bankruptcy court has placed sufficient funds in the possession of National Union to satisfy the judgment against the Garbers, subject to some conditions on the final release of those funds. As such, it appears to us that the Garber litigation, apart from attorneys fees, may be moot. However, the relevant records are not part of this appeal, nor otherwise before us.

We vacate and remand this case with the instruction that the district court first determine whether the Garber litigation is moot and appropriate for dismissal. If not, it may confirm the judgment against the Garbers for the fraudulent transfers. We vacate the Ting judgment and remand it for further proceedings consistent with this disposition.

AFFIRMED IN PART; REVERSED IN PART; VACATED and REMANDED